IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, the Court Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway, | MEMORANDUM DECISION & ORDER |
| Plaintiff, | Case No. 2:12-cv-00051 |
| v. | |
| KING & KING & JONES, P.C., | Magistrate Judge Dustin B. Pead |
| Defendant. | |

This matter is before the above entitled Court on cross motions for summary judgment filed by Plaintiff R. Wayne Klein (Dkt. No. 24), court-appointed receiver for US Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway ("Receiver")(Dkt. No. 24) and by the Defendant King & King & Jones, P.C ("Defendant")(Dkt. No. 23). In accordance with United States District Court for the District of Utah General Order 07-001 and Federal Rule of Civil Procedure 73, the parties have consented to having this action assigned to a United States Magistrate Judge to conduct all proceedings, including trial, entry of final judgment and post-judgment proceedings (Dkt. No. 13).

A hearing on the competing motions for summary judgment was held on July 22, 2013, before the Honorable Magistrate Judge Dustin B. Pead (Dkt. No. 30). David C. Castleberry appeared for the Receiver, and William H. Christensen appeared for the Defendant. With the material facts not in dispute, this action is ripe for summary judgment and being fully advised the Court hereby enters the following Memorandum Decision and Order.

1

## Findings of Fact

1. The Receiver was appointed as receiver for US Ventures LC ("US Ventures"), Winsome Investment Trust ("Winsome"), and the assets of Robert J. Andres and Robert L. Holloway on January 25, 2011, in connection with an action filed by the Commodity Futures Trading Commission (the "CFTC") against the Receivership Entities in the United States District Court for the District of Utah ("CFTC Action").[11]

2. Winsome operated as a fraudulent Ponzi scheme before the Receiver's appointment and was operating as a Ponzi scheme at the time of the transfers at issue.

3. Defendant received $25,000 in payments from Winsome bank accounts in direct wire transfers.

4. The payments from Winsome to Defendant derived from the Ponzi scheme.

5. The Receiver does not dispute that the Defendant received these transfers in good faith as payment for legal services Defendant provided to Mr. Enrique Baca.

6. The court record contains no indication that Defendant knew that the funds it received derived from a Ponzi scheme.

7. The parties know of no relationship between Mr. Baca and Winsome that would obligate Winsome to make a payment to the Defendant for fees relating to his defense in a criminal matter.

8. The beneficiary of the payments from Winsome to Defendant was Mr. Baca.

9. Defendant provided no value to Winsome for the funds Defendant received from Winsome.

---

[11] The CFTC Action was assigned to District Court Judge Bruce Jenkins, case number 2:11-cv-99-BSJ.

## Standard Of Review

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). To show that no genuine issue of material fact exists, the moving party has "the initial burden of production . . . and the burden of establishing that summary judgment is appropriate as a matter of law." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial." *Sally Beauty Co., Inc. v. Beautyco, Inc.,* 304 F.3d 964, 971 (10th Cir. 2002). "An issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). On summary judgment the Court views the evidence and draws inferences in a light most favorable to the non-moving party. *See Matushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

<u>Analysis</u>

In this action, the Receiver seeks to recover $25,000.00 in payments made by Winsome to Defendant, the Atlanta based law firm of King & King & Jones, as payment for providing criminal defense services to Mr. Baca. The Receiver and Defendant have filed cross motions for summary judgment on the Receiver's claims for actual fraudulent transfer, constructive fraudulent transfer and unjust enrichment. Each cause of action is addressed herein.

**1. <u>Actual Fraudulent Transfer</u>**

Pursuant to the Uniform Fraudulent Transfer Act ("UFTA"), a transfer may be avoided if it was made with "with actual intent to hinder, delay, or defraud any creditor". Utah Code Ann. §25-6-5(1)(a). The mere existence of a Ponzi scheme is sufficient to establish an actual intent to defraud. *See S.E.C. v. Madison Real Estate Grp., L.L.C.,* 647 F. Supp. 2d 1271, 1279 (D. Utah 2009) ("Under the UFTA, a debtor's actual intent to hinder, dely or defraud is conclusively established by proving that the debtor operated as a Ponzi scheme."); *Donell v. Kowell,* 533 F.3d 762, 770 (9th Cir. 2008). Here, it is undisputed that Winsome was acting as a Ponzi scheme at the time the transfers were made, and therefore Winsome's transfers to the Defendant were done with an actual intent to defraud in violation of the Act. *See* Utah Code Ann. § 25-6-5(1)(a).

Having established intent, the Court must next address the issue of whether or not the transfer of funds were received in good faith and for reasonably equivalent value. Under UFTA, "[a] transfer or obligation is not voidable. . . against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee." Utah Code Ann. §25-6-9. Good faith and reasonably equivalent value are independent components of this affirmative defense, and the burden is upon the Defendant to establish both the element of good

faith and the element of value. *See Wing v. Apex Holding Co.*, No. 2:09-CV-00022, 2009 WL 2843343, *5 (D. Utah Aug. 27, 2009) ("whether a defendant took payments from [the Ponzi scheme receivership entity] in good faith and for reasonably equivalent value is an affirmative defense . . . .").

In this case, the good faith of the Defendant is not at issue and the Court's analysis focuses primarily on the element of reasonably equivalent value.

**a) Reasonably Equivalent Value**

While both parties agree that the issue of reasonably equivalent value is before the Court, the parties disagree as to the exact focus of that analysis. On one hand, Defendant argues that the issue is whether Defendant provided reasonably equivalent value for the funds received; concluding, that reasonably equivalent value was established when Defendant provided legal representation to Mr. Baca (Dkt. No. 23-1). The Receiver, on the other hand, argues that the issue is not just whether Defendant provided reasonably equivalent value, but whether reasonably equivalent value was specifically provided to *Winsome* (Dkt. No. 26). Upon consideration and for the reasons stated herein, the Court agrees with the Receiver and concludes that in order to establish reasonably equivalent value under the UFTA it is Winsome, as the debtor, who must have received the equivalent value. *See In re Lucas Dallas, Inc.*, 185 B.R. 801, 807 (9th Cir. 1995) (the focus of the inquiry is not on whether Defendant "gave reasonably equivalent value; it is whether [Winsome] *received* reasonably equivalent value.").

In reaching this conclusion, the Court determines that the question of reasonably equivalent value must be answered from the perspective of Winsome's defrauded investors since "the function of this element is to allow avoidance of only those transfers that result in diminution of a debtor's . . . assets." *In re Jordan*, 392 B.R. 428, 441 (Bankr. D. Idaho 2008);

5

*see also Donell,* 533 F.3d at 767 (explaining that, in a Ponzi scheme, the Ponzi scheme operator is the "debtor," and each good faith investor in the scheme who has not regained his initial investment is a "tort creditor").

Here, Defendant cannot meet the burden of showing reasonably equivalent value because it is unable to establish that Winsome received anything of value in exchange for the monetary transfers to the Defendant. The only value that was provided by the Defendant in exchange for the transfers at issue was to Mr. Baca for his legal representation. However, Utah courts have established that "[s]atisfaction of an obligation owed the transferee by a third party does not qualify as fair consideration" under UFTA. *Dahnken, Inc. v. Wilmarth*, 726 P.2d 420, 422 (Utah 1986); *see also SEC v. Res. Dev. Int'l LLC*, 487 F.3d 295, 301 (5th Cir. 2007) (finding no reasonably equivalent value because the Ponzi's net worth was diminished by the payment to a third party and the defrauded creditors received no benefit therefrom); *In re O'Bannon,* 484 F.2d 864, 867 (10th Cir. 1973) ("Transfers made to benefit a third party are not made for the fair consideration required by [the Bankruptcy Act]."); *In re Whaley*, 229 B.R. 767, 775 (Bankr. D. Minn. 1999) ("A payment made solely for the benefit of a third party, such as a payment to satisfy a third party's debt, does not furnish reasonably-equivalent value to the debtor." (citing *In re Bargfrede*, 117 F.3d 1078, 1080 (8th Cir. 1997); *Burbank Generators, Inc. v. Gill*, 48 B.R. 205, 206 (C.D. Cal 1985) ("If a transfer solely benefits a third party, it is clear that the debtor has not received reasonably equivalent value in exchange.") (citing *Rubin v. Mfg. Hanover Trust Co.,* 661 F.2d 979, 991 (2nd Cir. 1981)).

While the Court is sympathetic to Defendant's claim that this interpretation arguably places a significant burden on small businesses and merchants to actively investigate and trace the source of all funds received (Dkt. No. 23-1), the Court concludes that the policy underlying

UFTA requires such a conclusion. *See* UFTA, § 3 cmt 2. (1984) ("[c]onsideration having no utility from a creditor's viewpoint does not satisfy the statutory definition."). The law ultimately places the burden of inquiry upon the Defendant.

As a result, because the transfers at issue were made by Winsome while it operated as a Ponzi scheme, and because Winsome did not receive any value from the Defendant in exchange for these transfers, the Court holds that the transfers at issue were actual fraudulent transfers under Utah Code Ann. § 25-6-5(1)(a).

## 2. **Constructive Fraudulent Transfer**[1]

Pursuant to UFTA, a transfer can also be avoided as a constructive fraudulent transfer if (1) "the debtor made the transfer . . . without receiving reasonably equivalent value in exchange" and (2) the transferor could not pay its debts as they became due. Utah Code Ann. § 25-6-5(1)(b). As discussed above, Winsome did not receive reasonably equivalent value in exchange for the transfers at issue. Further, Winsome's operation as a Ponzi scheme also shows that Winsome "intended to incur, or believed or reasonably should have believed that [it] would incur, debts beyond [its] ability to pay as they became due." *Donell,* 533 F.3d at 770. Accordingly, the Court holds that the transfers at issue were also constructively fraudulent under Utah Code Ann. § 25-6-5(1)(b).

---

[1] In cases where a Ponzi scheme is established, "the only practical distinction between these theories of recovery [actual and constructive fraudulent transfer] is the allocations of burden of proof." *Donell v. Kowell* 533 F.3d at 771 (citing *Scholes v. Lehmann*, 56 F.3d 750, 756-57 (7th Cir. 1995). "If the plaintiff proves fraudulent intent, the burden is on the defendant to show that the fraud was harmless because the debtor's assets were not depleted even slightly." *Scholes*, 56 F.3d at 757. "If the plaintiff takes the indirect route of proving fraud by proving a lack of full consideration, the burden of proof on the issue of incommensurability of consideration, hence the depletion of the debtor's assets, is on him." *Id.*

### 3. Unjust Enrichment

Because the Court finds that the transfers may be avoided as actual or constructive fraudulent transfers, the Court declines to decide the issue of whether the Defendant is liable on the claim of unjust enrichment claim made by the Receiver.

### Order

Accordingly, for the reasons now stated herein:

Plaintiff's Motion for Summary Judgment filed by the Receiver is GRANTED (Dkt. No. 24), and the Motion for Summary Judgment filed by Defendant is DENIED (Dkt. No. 23). Consistent therewith, judgment is hereby entered against Defendant and in favor of the Receiver in the amount of $25,000, with post-judgment interest accruing at the legal rate.

IT IS SO ORDERED.

DATED this 19th day of August, 2013.

BY THE COURT:

_____
Dustin Pead
U.S. Federal Magistrate Judge